UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CR-00362-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TERRELL B. HILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Pro Se "Motion for Imposition of a New Sentence Under the First Step Act," (Doc. No. 53), wherein he asks this Court to reduce his sentence "pursuant to the First Step Act of 2018 ('First Step Act') makes [sic] the provisions of the Fair Sentencing Act described below retroactively applicable to defendants sentenced before August 3, 2010[.] Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222." (Doc. No. 53, p. 1). Defendant's motion acknowledges, "On April 14, 2013, the Defendant was sentenced to a term of imprisonment of 240 months by this Honorable Court on one count of conspiracy to possess with intent to distribute cocaine base . . . ." (Id. p. 2). Defendant's motion then provides argument to support a reduction in his sentence, including changes to the law for mandatory minimums, and general argument related to his conviction and the Government's failure to carry their burden of proof. (Id. pp. 2-8). Ultimately, Defendant asks this Court to reduce his sentence to 120 months.

The Fair Sentencing Act of 2010 ("2010 FSA"), which took effect on August 3, 2010, "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016). Section 404(b) of the 2018 First Step Act "made the Fair Sentencing Act sentence reductions retroactive . . . by authorizing district courts to impose a reduced sentence on

1

specified 'covered offenses' as if the Fair Sentencing Act were in effect at the time the offenses were committed." United States v. Lancaster, 997 F.3d 171, 173 (4th Cir. 2021); see also Terry v. United States, ––– U.S. ––––, 141 S. Ct. 1858, 1862, 210 L.Ed.2d 108 (2021); United States v. Thomas, 32 F.4th 420, 423-26 (4th Cir. 2022). Under Section 404 of the Act, the provisions of the 2010 FSA apply retroactively to a defendant who was sentenced *prior* to August 3, 2010, i.e., the effective date of the 2010 FSA. United States v. Charles, 932 F.3d 153, 162 (4th Cir. 2019).

Here, the record shows and Defendant concedes his sentencing took place in April 2013—three years after enactment of the Fair Sentencing Act—which renders him ineligible for relief under Section 404 the First Step Act. (See Doc. No. 19, 29, 30, 53, p. 1). Indeed, the plain language of the First Step Act, Section 404 (c) provides this limitation: "No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Accordingly, Defendant is not eligible for the relief he seeks in the instant motion, and his motion is DENIED.

**IT IS, THEREFORE, ORDERED** that the Motion, (Doc. No. 53), is DENIED.

**IT IS SO ORDERED.**

Signed: May 4, 2023

_____
Frank D. Whitney
United States District Judge

2

Case 3:11-cr-00362-FDW-DSC   Document 54   Filed 05/05/23   Page 2 of 2